**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190494-U

Order filed August 17, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0494 Circuit No. 18-CM-152 |
| INDEYA M. MARSHALL, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Lytton and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The evidence was sufficient to prove beyond a reasonable doubt that defendant did not act in self-defense or defense of property.

¶ 2     Defendant, Indeya M. Marshall, appeals her conviction for battery. She argues that the evidence was insufficient for a rational trier of fact to conclude beyond a reasonable doubt that she did not act in self-defense or defense of property. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4 The State charged defendant with battery (720 ILCS 5/12-3(a)(1) (West 2018)) and criminal damage to property (*id.* § 21-1(a)(1)). It alleged that defendant, without legal justification, knowingly caused bodily injury to Melody Corbett by spraying her in the face with pepper spray. The State also alleged that defendant damaged Corbett's television.

¶ 5 Evidence at defendant's bench trial established that Corbett had a child with defendant's boyfriend, Jared Mosely. On the date of the incident, Mosley brought diapers to Corbett's apartment and defendant accompanied him. Defendant and Corbett presented different versions of what happened next.

¶ 6 Corbett testified that after receiving the diapers, she began to leave her apartment. At that time, defendant was standing at the door. When Corbett walked by the door, defendant said "bitch" and pepper sprayed her. Defendant also knocked over a television that was in Corbett's apartment near the door.

¶ 7 Defendant testified that she remained in the passenger seat of Mosley's car when Mosley went to bring the diapers into Corbett's apartment. Corbett exited the apartment and approached the car, passing Mosley on the way. Corbett began pulling on the door handles, which were locked, and "banging on" the passenger window. Defendant believed that Corbett was trying to get her out of the car to fight her. Defendant stated she was afraid and, because she was afraid, she partially rolled the window down and pepper sprayed Corbett.

¶ 8 Defendant also stated that, in a previous incident, Corbett followed defendant while defendant was driving Mosley's car. After defendant parked, Corbett began pulling on the door handles and banging on the windows in an attempt to get her out of the car to fight. When defendant refused, Corbett kicked and broke a mirror on the car.

¶ 9        Mosley was called to testify by the defense. He stated that when he went to Corbett's apartment to drop off the diapers, defendant stayed in the car. As he was approaching the apartment, Corbett walked past him and went to Mosley's car. Corbett "was a little aggressive as far as like in her speaking. And then she had grabbed the door handle a few times." When asked if Corbett did anything else to the car, Mosley replied that "she probably made a few like hand gestures at the door. But she—for the most part, she was just pulling on the door handle try[ing] to see if it was open or snatch the door open."

¶ 10        The court found defendant guilty of battery, specifically noting that there was not an imminent threat, she did not have a duty to protect Mosely's car, and that she used excessive force. While the court did not make a determination as to defendant's credibility, it indicated that its verdict was supported even if it accepted defendant's testimony as true. The court found defendant not guilty of criminal damage to property. It then sentenced her to 12 months of probation. Defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12        Defendant argues that the evidence was insufficient to prove that she did not act in self-defense or defense of property because her testimony showed that she pepper sprayed Corbett only after Corbett accosted her.

¶ 13        Because defendant presented evidence supporting the affirmative defenses of self-defense and defense of property, "the State was required to disprove the affirmative defense[s] in addition to proving the elements of the charged offense." *People v. Bausch*, 2019 IL App (3d) 170001, ¶ 22. "The relevant standard of review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that defendant did not act in self-defense" or defense of property. *People v. Lee*, 213 Ill.

2d 218, 225 (2004). Witness credibility and the weight given to testimony are determinations left to the trier of fact. *People v. Nitz*, 143 Ill. 2d 82, 95 (1991).

¶ 14    As charged in this case, to obtain a conviction for battery, the State had to prove beyond a reasonable doubt that defendant "knowingly without legal justification" caused bodily harm to Corbett. See 720 ILCS 5/12-3(a)(1) (West 2018). The only element at issue is whether defendant's act of pepper spraying Corbett was legally justified.

¶ 15    "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force." *Id.* § 7-1(a). For a defendant's acts to constitute self-defense, "the danger of harm [must be] imminent." *Lee*, 213 Ill. 2d at 225. If the State negates any element of self-defense, the claim fails. *Id.*

¶ 16    Looking at the evidence in the light most favorable to the State, a rational trier of fact could easily find beyond a reasonable doubt that defendant did not act in self-defense because there was no imminent danger of harm. Specifically, defendant was in a locked vehicle. She had to remove a barrier—the window—in order to pepper spray Corbett. Further, defendant's own witness, Mosley, testified that Corbett was merely "pulling on the door handle."

¶ 17    Turning to defense of property, "[a] person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with" property in his possession or the possession of an immediate family or household member. 720 ILCS 5/7-3(a) (West 2018).

¶ 18    Here, as noted above, defendant's own witness, Mosley, testified that Corbett was simply pulling on the door handle, trying to open the door. Further, Mosley was the owner of the car and

4

he walked past Corbett knowing she was approaching the vehicle and was angry at seeing defendant in the vehicle. Defendant knew Mosley would return shortly as he was simply dropping diapers off at Corbett's apartment. Moreover, there was no evidence presented that defendant actually had any belief that she needed to pepper spray Corbett to protect the car. In fact, her own testimony was that she pepper sprayed Corbett because she was afraid. She never stated that she did so to protect the car. Based on these facts, a rational trier of fact could determine that defendant did not reasonably believe her conduct was necessary to protect the vehicle from Corbett.

¶ 19   Alternatively, we note that viewing the evidence in a light most favorable to the State and accepting Corbett's testimony that defendant attacked her completely unprovoked as true, the evidence is patently sufficient to disprove both affirmative defenses beyond a reasonable doubt. However, defendant argues that the circuit court found Corbett at least partially incredible by finding defendant not guilty of criminal damage to property. Thus, we predominantly rely on defendant's and Mosely's testimony and discount Corbett's testimony—as the circuit court apparently did in reaching its ruling. See *Nitz*, 143 Ill. 2d at 95.

¶ 20                    III. CONCLUSION

¶ 21   The judgment of the circuit court of Kankakee County is affirmed.

¶ 22   Affirmed.